# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| DAVID EUGENE CLARK, | ) |
| | ) |
|     Movant, | ) |
| | ) |
| v. | )   Case No.: 4:18-CV-8021-VEH |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |

## MEMORANDUM OPINION

Now pending before the Court is the motion filed by David Eugene Clark (hereinafter "Movant") seeking to vacate the judgment of conviction against him and to dismiss all charges against him "due to the United States' failure to allege and proof of [sic] 'standing' " (Doc. 43 at 1).[1] The motion was filed on June 6, 2018.[2]

---

[1] All citations to the record are to documents filed into the companion criminal action, *U.S. v. Clark*, Case No. 4:14-cr-0199-VEH.

[2] The document reflects that it was signed by the movant on May 17, 2018, but it contains no statement about when it was placed in the prison mail; therefore the "prison mailbox" rule does not apply. In any event, applying the prison mailbox rule would have no impact on whether or not movant's motion was timely, as his judgment of conviction was imposed on November 17, 2015, he took no appeal, and therefore his judgment became final 14 days later, on November 29, 2015. He therefore had until November 28, 2016 to file his motion under 28 U.S.C. §2255. The motion is untimely by approximately 18 months.

## I. PROCEDURAL HISTORY

Movant expressly states that 'THIS IS NOT A SECTION 2255 'MOTION' ". (*Id*. at 1) (capitalization in original). However, the relief he seeks is that his sentence be vacated. (*Id*. at 4) ("MOVANT, hereby requests this 'sentencing court', to:   ***   3) Vacate MOVANT's sentences due to the United States' failure to allege and prove 'injury-in-fact' as required and protected, under Article III, of the United States Constitution.") (capitalization and punctuation in original). Movant challenges his sentence as having been imposed in violation of his "Article III Constitutional Rights" which he describes variously as [lack of] "Actual, concrete, injury-in-fact" (*id*., at 1 and *passim*), and [lack of] "case or controversy" (*id*.). Further, he expressly relies on 28 U.S.C. § 2255 (*id*. at 4) ("Movant does hereby further rely on Congress's intent under § 2255 which states ....").

Almost any collateral challenge[3] to the validity of a federal sentence must be brought under 28 U.S.C. § 2255. In relevant part, that statute states:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

---

[3] *I.e.*, a challenge other than a direct appeal.

>authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

*Id*.

This includes challenges based on alleged "violation(s) of the Constitution ... or that the court was without jurisdiction".[4] (*Id*.).

The Court has noted that this is the first § 2255 petition filed by Mr. Clark. Accordingly, the Court provided Mr. Clark, on June 19, 2018, written notice (Order, doc. 44) that the Court would construe his motion as a motion to vacate brought pursuant to 28 U.S.C. § 2255 unless, no later than July 18, 2018, he withdrew it. In response, Mr. Clark filed an "Objection to Courts [sic] Handling" (doc. 45). In that Objection, he maintains that his pending motion "was in compliance with § 2255(a)." (*Id*.). So, he did not withdraw or amend the motion, nor did he argue that it should not be addressed under § 2255. He did, however, argue for the first time that "§ 2255(f) is unconstitutional." (Id.).

After reviewing Mr. Clark's response, the Court directed the Clerk of Court to open a new case brought under 28 U.S.C. § 2255 and to file the Motion in it. (Order, doc. 46). The Court now responds substantively to the motion, as supplemented by the Objection.

---

[4] Challenges that are asserted in the Movant's current pleadings.

## II. MOVANT'S ARGUMENTS

As set out above, Mr. Clark has asserted two arguments in support of his motion. First, in response to this Court's *Castro* Notice (doc. 44), in which the Court noted that the motion was untimely (*see* doc. 44 at 1, fn 1), Mr. Clark argues that the one-year statutory time limitation found at 28 U.S.C. § 2255(f) is an unconstitutional "suspension clause trigger ... denying Habeas [sic] corpus actions." (Doc. 45 at 2). On the merits, he argues that his conviction is void because the United States did not have "Article III Standing" because it was did not allege or prove any "injury in fact". (*See* docs. 43, 45, *passim*).

## III. ANALYSIS

Mr. Clark has asserted Article III to support his Constitutional challenge to the <u>validity</u> of his sentence. Thus, his motion is appropriately addressed under § 2255.[5]

---

[5] A motion to vacate covers only challenges to the validity of a sentence, but the saving clause and a [§ 2241] petition for a writ of habeas corpus cover challenges to the execution of a sentence. *Cf. Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008) ("It is well-settled that a § 2255 motion to vacate is a separate and distinct remedy from habeas corpus proper.... A prisoner in custody pursuant to a federal court judgment may proceed under § 2241 only when he raises claims outside the scope of § 2255(a), that is, claims concerning execution of his sentence." (internal citations omitted)); *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980) ("[The prisoner's] appropriate remedy is under § 2255, not 28 U.S.C. § 2241, since the alleged errors occurred at or prior to sentencing.").

As Mr. Clark recognizes, subject to certain exceptions, none of which are argued to be applicable here, motions under Section 2255 must be brought within one year from the date on which a prisoner's judgment of conviction became final. *See* 28 U.S.C. § 2255(f)(1). Mr. Clark's judgment of conviction was imposed on November 17, 2015. He took no appeal. His judgment became final 14 days later, on November 29, 2015. He therefore had until November 28, 2016, to file his motion under 28 U.S.C. §2255. The motion accordingly is untimely by approximately 18 months.

Mr. Clark's argument (without citation to authority) to the contrary notwithstanding, this one-year time limitation is not an unconstitutional abridgment of Mr. Clark's rights. Mr. Clark's argument here is that "§ 2255(f) is unconstitutional, as it places a 1 year limitations on relief under § 2255; this acts as a suspension clause trigger, and is denying Habeas corpus actions." (Doc. 45 at 2) (capitalization and punctuation in original). However, federal appellate courts that have addressed the issue, including the Eleventh Circuit Court of Appeals, have uniformly determined that, even assuming that the suspension clause applies, a one-year time limitation does not violate the Constitution. *See e.g. Johnson v.*

---

*McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1089 (11th Cir.), *cert. denied sub nom. McCarthan v. Collins*, 138 S. Ct. 502, 199 L. Ed. 2d 385 (2017).

*United States*, 544 U.S. 295, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005) (interpreting and upholding enforcement of 2255(f)'s one-year limitation period); *Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213, 1215 (11th Cir. 2000) (holding that § 2244(d)'s one-year limitation period applicable to motions under 28 U.S.C. § 2241 is not an unconstitutional suspension of the writ of habeas corpus); *Delaney v. Matesanz*, 264 F.3d 7, 11-12 (1st Cir. 2001) (holding "that the AEDPA's one-year limitation period [at 2244(d)] does not, as a general matter, offend the Suspension Clause.") (collecting cases). Consistent with these cases, this Court finds that the present motion is time-barred and that this limitation does not violate the Constitution. Accordingly, the motion will be **DISMISSED**.

The Court notes that Mr. Clark insists that an evidentiary hearing must be held. (Doc. 43 at 4; doc. 45 at 1). He is incorrect. "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. Here, the record establishes all facts necessary for this Court's determination, and Mr. Clark has not even argued that any

6

exception to the statutory limitation applies to him. Accordingly, his request for a hearing will be **DENIED**.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing 2255 Proceedings, the Court finds that a certificate of appealability in this case is not well-founded, and any application for one is due to be denied. 28 U.S.C. foll. 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). Where, as here, a habeas petition is being denied in its entirety on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S .Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). Given the

applicability of the one-year limitations period in this case, a reasonable jurist could not conclude that this Court is in error for dismissing the motion to vacate, nor could a reasonable jurist conclude that he should be allowed to proceed further with respect to his claims. *Id.*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the plaintiff should be allowed to proceed further."). Accordingly, the Court holds that Mr. Clark is not entitled to a certificate of appealability.

V.  **CONCLUSION**

Having determined that § 2255(f) does not violate the Constitution in this case, the Court holds that:

1. Mr. Clark seeks release from federal custody and accordingly his remedy, if any, is determined under 28 U.S.C. § 2255.

2. His motion is time-barred and due to be dismissed.

3. His request for a hearing is due to be denied.

4. He is not entitled to a Certificate of Appealability.

An appropriate Order will be entered.

**DONE** this the 26th day of July, 2018.

                                                  **VIRGINIA EMERSON HOPKINS**
                                                  United States District Judge